### H. A. FLYNT ET AL. *v.* NANCY HUBBARD.

1. RESULTING TRUST.   *Purchase with another's money.*
   If a son, to whom his mother has entrusted money to complete the purchase of a tract of land for her, takes title in his own name, and then exchanges it for other land, with her consent, he holds the newly acquired land as trustee for her benefit.

2. SAME.   *Mortgage for value without notice.*
   A mortgage executed by the son while holding only a title-bond to the latter land, but after the consideration of the exchange is paid, takes precedence of the resulting trust, if he receives a deed before his mother gives notice of her claim.

APPEAL from the Chancery Court of Tishomingo County.
Hon. L. HAUGHTON, Chancellor.
*Whitfield & Young*, for the appellants.
1. The mother's money was not used at the time of the purchase, but afterwards, to complete it, and no trust results. *Bowman* v. *O'Reilly*, 31 Miss. 261; *Gee* v. *Gee*, 32 Miss. 190. The same rule prevails although there was only a contract for the purchase of the land. *Conner* v. *Lewis*, 16 Maine, 268. The trust must result either by virtue of the son's agency or his contract to convey to his mother, and, as both rested in parol, the trust fails in either case by virtue of the Statute of Frauds.· Code 1871, §§ 2892, 2896, 2897; *Miazza* v. *Yerger*, 53 Miss. 139.   Under the executory contract of purchase, the vendor held the legal title to the land in trust for the son, to secure the balance of the purchase-money.   *Pitts* v. *Parker*, 44 Miss. 247; *Strickland* v. *Kirk*, 51 Miss. 795.   And the son could not assign his interest to his mother except in writing. Code 1871, § 2897.

2. At all events, the title of Flynt became perfect before he had notice of the complainant's claim, by the execution of a deed from the vendor to the son and the extinction of the title-bond. The mother, by allowing her son to have apparent ownership, forfeited her rights. *Bellas* v. *M'Carty*, 10 Watts, 13. The innocent purchaser for value is protected (Code 1871, §§ 2284, 2307), and takes precedence of the beneficiary of the resulting trust, whereof he had no notice. *Rhines* v. *Baird*, 41 Penn. St. 256. It was owing to the mother's negligence that the appellant gave credit on the faith of the son's title, and, of the two innocent parties, she must suffer who put it in his power to deceive.

*Reynolds & Reynolds*, for the appellee.

By the agent's disregard of duty in buying land with his principal's money, and taking the title in his own name, he became trustee of a resulting trust. *Gillenwaters* v. *Miller*, 49 Miss. 150 ; *Pressly* v. *Ellis*, 48 Miss. 574 ; 1 Story Eq. Jur. §§ 316, 463, 465. The principle, which is without exception, is strictly applicable to the facts of this case. Flynt's claim, which is that of an innocent purchaser, cannot be sustained, because the son had no title until long after the mortgage. His possession could not extend his title. *Perkins* v. *Swank*, 43 Miss. 349. The question of notice has, under the Statute of Frauds, no application to the case. *Kelly* v. *Mills*, 41 Miss. 267.

*M. Green*, on the same side.

A resulting trust was created by this transaction. Perry on Trusts, §§ 126, 127. The case falls under the latter, not the former section. Flynt is not an innocent purchaser. The son had no title when he made the mortgage. By the vesting of title in him, the trust arose *eo instanti*. *Porter* v. *Caspar*, 54 Miss. 359. In cases of fraud, the court will relieve notwithstanding the Statute of Frauds. Browne on the Statute of Frauds, §§ 437, 438. *Miazza* v. *Yerger*, 53 Miss. 139, is essentially overruled by subsequent decisions. The son's title was for the purposes of the trust, and at no time did he have a title not subject thereto. Flynt was charged with notice of all prior equities. *Wailes* v. *Cooper*, 24 Miss. 208. He was not a *bona fide* purchaser of the legal title ; nor

could his title be perfected by the son's subsequently acquiring the legal title, both because of the registry acts and because he knowingly bought an equity only. It was no case of mistake, but he designed to purchase, not the legal title, but an equity.

CHALMERS, J., delivered the opinion of the court.

This is a bill filed by Mrs. Nancy Hubbard against the heirs of her deceased son, Green Hubbard, and against his mortgagee, for the purpose of asserting in her own favor a resulting trust in a tract of land of which her son died seized, and which during his life he had mortgaged to one Flynt. The mother had entrusted to the son the money with which to complete the purchase of a half interest in a tract of land, known in the pleadings as the Tyler tract, the title to which was to be taken in her name. In violation of the trust, and without the knowledge of the mother, the title was taken by the son in his own name. Afterwards, with her consent, he exchanged the half interest in the Tyler tract for the tract in controversy, known as the Thomas place, but, in making the exchange, received only a title-bond to the latter place, though the consideration for the exchange was paid in full. The title-bond was taken, as the deed to the former place had been, in the son's name, and thereafter it was held and occupied by him as his own, nor was it known outside the family that the mother had any claim upon it. Several years after he had taken possession, he borrowed from Flynt five hundred dollars, and to secure it executed a mortgage upon the land. Flynt had no notice of the mother's claim, and supposed that the son had a deed. The son did receive a deed some years afterwards, about a month before his death, and it was not until after that event that this suit was brought and the mother's claim for the first time disclosed. It is insisted for her, that, inasmuch as, at the date of Flynt's mortgage, Green Hubbard held only a title-bond to the land embraced in it, Flynt acquired a lien only on an equity, and that his equity must therefore be held subordinate to the prior equity of the complainant.

It is well settled that the purchaser of an equity is bound by all prior equities, though he has paid value and acquired

his title in the utmost good faith; but it is equally well settled, at least by the great weight of authority, that under such circumstances he can defeat the prior equities by a subsequent acquisition of the legal title. 2 Eq. Lead. Cas. (4th Am. ed.), part 1, 47, and authorities cited. In this case Green Hubbard, who, at the date of the mortgage to Flynt, by reason of his complete payment of the purchase-money, was entitled, as against his vendor, to a conveyance of the legal title, obtained a deed before his death, and before the complainant had given any notice of her claim. This acquisition of the legal title inured, of course, to the benefit of his mortgagee, and converted that which had been a conveyance of an equity into a conveyance of the legal title, and thereby defeated the prior secret equity of the complainant, so far as the rights of the mortgagee are concerned. Mrs. Hubbard, therefore, is entitled to a decree, establishing a resulting trust against the heirs of her son, but not against his mortgagee.

*Decree reversed and decree here.*